UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POTBELLY CORPORATION, a foreign corporation, | Case No. C25-688RSM |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| BEAZLEY INSURANCE COMPANY, INC. a foreign corporation, | |
| Defendant. | |

## I.    INTRODUCTION

This matter comes before the Court on Defendant Beazley Insurance Company's ("Beazley")'s Motion to Dismiss, Dkt. #15.  Beazley argues against coverage for its insured, Potbelly Corporation, to defend and indemnify an underlying state court action brought by a class of plaintiffs alleging violations of the Washington Equal Pay and Opportunities Act. Potbelly has filed an opposition arguing that the Policy provides coverage for claims of discrimination and that this statute was intended to combat a discriminatory practice.  Dkt. #23. Neither party requests oral argument.  For the reasons stated below, the Court GRANTS Beazley's Motion.

## II.    BACKGROUND

For purposes of this 12(b)(6) Motion, the Court will accept all facts in the First Complaint, Dkt. #1-2, as true.  The Court will briefly summarize the relevant facts.

ORDER GRANTING MOTION TO DISMISS - 1

Potbelly seeks a declaratory judgment and alleges breach of contract against its insurer Beazley for failure to defend and indemnify in connection with an underlying lawsuit in King County Superior Court for violation of the Washington Equal Pay and Opportunities Act, RCW 49.58.005 *et seq.* Under "Findings—Intent," this statute states:

> 1) The legislature finds that despite existing equal pay laws, there continues to be a gap in wages and advancement opportunities among workers in Washington, especially women and workers in other protected classes. Income disparities limit the ability of these workers to provide for their families, leading to higher rates of poverty among women and children and workers in other protected classes. The legislature finds that in order to promote fairness among workers, employees must be compensated equitably. Further, policies that encourage retaliation or discipline towards workers who discuss or inquire about compensation prevent workers from moving forward.
>
> (2) The legislature intends to update the existing Washington state equal pay act, not modified since 1943, to address income disparities, employer discrimination, and retaliation practices, and to reflect the equal status of all workers in Washington state.
>
> (3) The legislature finds that:
>    (a) The long-held business practice of inquiring about salary history has contributed to persistent earning inequalities;
>    (b) Historically, women have been offered lower initial pay than men for the same jobs even where their levels of education and experience are the same or comparable; and
>    (c) Lower starting salaries translate into lower pay, less family income, and more children and families in poverty.
>
> (4) The legislature therefore intends to follow multiple other states and take the additional step towards gender equality by prohibiting an employer from seeking the wage or salary history of an applicant for employment in certain circumstances. Further, the legislature intends to require an employer to provide wage and salary information to applicants and employees.

RCW § 49.58.005.

In June 2024, Potbelly was sued in a putative class action complaint alleging that it violated the Washington Equal Pay and Opportunities Act by failing to provide wage and salary

ORDER GRANTING MOTION TO DISMISS - 2

information to job applicants in Washington State. Potbelly sought coverage. Beazley denied coverage and refused to defend or indemnify. Potbelly later settled the underlying action.

Potbelly purchased Beazley Execuguard – Management Liability Insurance Policy Number V15525231001 effective October 4, 2023, to October 4, 2024, (the "Policy"). The Policy covers losses resulting from any properly reported claim for a "Wrongful Act," defined as: "1. Inappropriate Employment Conduct; 2. Discrimination; 3. Harassment; and/or 4. Retaliation, by any of the Insureds against an Insured Person or an applicant for employment of the Insured Organization." Dkt. #1-2 at 43. Wrongful Act is defined as not including "any actual or alleged violations of any Immigration Practices Law or any Wage and Hour Law." *Id.* According to the Policy:

> **"Discrimination"** means any actual or alleged termination of the employment relationship, demotion, failure or refusal to hire or promote, denial of an employment benefit or the taking of any adverse or differential employment action because of race, color, religion, age, sex, disability, pregnancy, sexual orientation or identity, national origin, citizenship or immigration status, genetic information, military status or any other basis which is or is alleged to be prohibited by federal, state or local law.

*Id.* at 36 (emphasis in original).

The Complaint brings claims for declaratory judgment and breach of contract. Potbelly seeks an award of damages in the amount of the settlement payment, reasonable defense costs, and interest incurred.

### III. DISCUSSION

#### A. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).

ORDER GRANTING MOTION TO DISMISS - 3

However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Analysis**

The parties disagree about whether Washington or Illinois law applies to this case. However, the parties agree that Washington and Illinois law provide analogous rules of statutory interpretation and contract construction. Dkt. #15 at 9 n.4; Dkt. #23 at 10.

In Washington, the standard for interpreting insurance contracts is well-settled. *Canal Ins. Co. v. YMV Transp., Inc.*, 867 F. Supp. 2d 1099, 1104 (W.D. Wash. 2011). "Interpretation of insurance policies is a question of law and the policy is construed as a whole with the court giving force and effect to each clause in the policy." *Id*. (citing *American Star Ins. Co. v. Grice*, 121 Wn.2d 869, 874, 854 P.2d 622 (1993)). The words of an insurance policy should be construed according to their ordinary meaning, according to how an average person would read

ORDER GRANTING MOTION TO DISMISS - 4

the terms, as opposed to applying any technical interpretation. *Id*. If the provisions of an insurance contract are unambiguous and easily comprehended, the intent expressed in the policy will be enforced regardless of the intent of the parties. *Jeffries v. General Cas. Co. of America*, 46 Wn.2d 543, 283 P.2d 128 (1955). But if an insurance contract is ambiguous "and fairly susceptible of two different conclusions, the one will be adopted most favorable to the insured." *Guaranty Trust Co. v. Continental Life Ins. Co.*, 159 Wash. 683, 294 P. 585 (1930).

"To determine whether an insurer has a duty to defend, courts look to 'the eight corners' of the insurance contract and the underlying complaint." *Homesite Ins. Co. v. Schlackman*, 671 F. Supp. 3d 1205, 1212 (W.D. Wash. 2023).

Beazley argues that this case should be dismissed with prejudice because the Policy does not cover the underlying state court action, in turn because that action "does not allege that Potbelly committed an act of **Discrimination** within the meaning of the Policy." Dkt. #15 at 10 (emphasis in original). Discrimination appears to be the only type of covered Wrongful Act at issue. Beazley asserts that the Policy's definition of discrimination above does not apply here because the underlying state court action "contains no allegation that Potbelly… took any [] adverse or differential 'employment action'" against any class member." *Id*. at 11. Next, Beazley states that even if the allegations in the underlying action "could be construed to allege an adverse employment action, there are no allegations that Potbelly took those actions because… class members belonged to a protected class." *Id*. To the contrary, the class includes all applicants regardless of membership in any protected class.

In response, Potbelly argues that the underlying action alleges that Potbelly engaged in discrimination per se by violating this state law. *See* Dkt. #23 at 13–14. Potbelly cites to the above language and legislative intent. *Id*.

ORDER GRANTING MOTION TO DISMISS - 5

The Court agrees with Beazley's arguments. The underlying action alleges Potbelly violated the Washington Equal Pay and Opportunities Act, which was clearly drafted to combat a discriminatory practice. However, the underlying action itself does not allege that Potbelly engaged in discrimination as defined in the Policy. The provisions here are unambiguous. The underlying action does not allege that Potbelly refused to hire members of the class because of membership in a protected class, or any other basis. *See* Dkt. #1-2 at 83–84. The underlying action does not allege that Potbelly engaged in any adverse employment action because of anything. The Court agrees with Beazley that "[a] strict liability violation of the [Washington Equal Pay and Opportunities Act] for the general failure to post salary information, without allegations of discrimination by Potbelly 'because of' a protected characteristic, cannot trigger coverage under the Policy." *See* Dkt. #15 at 13. Accordingly, dismissal of Potbelly's breach of contract and declaratory judgment causes of action is appropriate.

The Court finds that the above deficiencies are legal in nature and cannot possibly be cured by additional facts consistent with the existing pleading. The Court will therefore dismiss these causes of action without leave to amend.

### IV.    CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Beazley's Motion to Dismiss under Rule 12(b)(6), Dkt. #15, is GRANTED. Plaintiff's claims are DISMISSED. All other pending motions are STRICKEN as MOOT. This case is CLOSED.

DATED this 19th day of March, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS - 6