UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

POTBELLY CORPORATION, a foreign corporation,

Plaintiff,

v.

BEAZLEY INSURANCE COMPANY, INC. a foreign corporation,

Defendant.

Case No. C25-688RSM

ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff Potbelly Corporation's Motion for Reconsideration, Dkt. #35. The Court has determined that response briefs are unnecessary. *See* LCR 7(h)(3). Potbelly summarizes its position as follows:

> Potbelly contends that the Court committed manifest error in striking Potbelly's separate motion for summary judgment (Dkt. #24, the "Motion for Summary Judgment") as "moot" based solely on the Court's consideration of the pleadings on Beazley's Motion to Dismiss (Decision at 6), without first considering, in relation to Potbelly's Motion for Summary Judgment, (1) the independent bases for judgment as a matter of law in favor of Potbelly under a distinct and different burden shifting standard, and (2) the newly-issued Washington Supreme Court decision in *Branson v. Washington Fine Wine & Spirits, LLC*, 5 Wash. 3d 289 (2025).

Dkt. #35 at 2.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention

ORDER DENYING MOTION FOR RECONSIDERATION - 1

earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

The Court finds that Potbelly has failed to demonstrate manifest error or new law that could affect the Court's ruling. First, Potbelly cites no valid legal authority for the proposition that a pending motion to dismiss cannot be granted while a parallel summary judgment motion is pending. Motions to dismiss concern the adequacy of the pleadings and are almost always considered prior to motions for summary judgment. It was not error for the Court to consider the adequacy of the pleadings under the *Twombly*/*Iqbal* standard and dismiss without discussing the adequacy of the facts under a summary judgment standard for insurance cases; Potbelly cites *Dodson v. Morgan Stanley DW Inc.*, No. C06-5669RJB, 2007 WL 4224731, at *1 (W.D. Wash. Nov. 20, 2007) which did not involve a motion to dismiss and is inapposite. Second, the Court finds that *Branson*, *supra*, does not materially affect the Court's ruling. *Branson*, issued after briefing had closed on the Motion to Dismiss but before the last brief in the Motion for Summary Judgment, did not affect the Court's Order because it does not impact the allegations in the underlying lawsuit brought against Potbelly by applicants for job postings or the language of the Policy. The Court's Order states:

> The underlying action alleges Potbelly violated the Washington Equal Pay and Opportunities Act, which was clearly drafted to combat a discriminatory practice. However, the underlying action itself does not allege that Potbelly engaged in discrimination as defined in the Policy. The provisions here are unambiguous. The underlying action does not allege that Potbelly refused to hire members of the class because of membership in a protected class, or any other basis. *See* Dkt. #1-2 at 83–84. The underlying action does not allege that Potbelly engaged in any adverse employment action because of anything. The Court agrees with Beazley that

ORDER DENYING MOTION FOR RECONSIDERATION - 2

"[a] strict liability violation of the [Washington Equal Pay and Opportunities Act] for the general failure to post salary information, without allegations of discrimination by Potbelly 'because of' a protected characteristic, cannot trigger coverage under the Policy." *See* Dkt. #15 at 13.

Dkt. #34 at 6. *Branson* was before the Washington State Supreme Court on a certified question from this Court to answer only "what a plaintiff must prove to be deemed a 'job applicant'" under the amended Washington Equal Pay and Opportunities Act. *Branson* holds "that a plaintiff must apply to a specific job posting but is not required to prove they are a 'bona fide' or 'good faith' applicant to obtain remedies under the statute." 5 Wash. 3d at 291. Discrimination is explicitly discussed three times: a) to state that the statute "was enacted in Washington in 1943 to prohibit gender-based pay discrimination;" b) to state the legislature amended to address "employer discrimination" as stated in the Findings—Intent section; and c) the State Supreme Court's finding that "[i]n order to best effectuate the statute's intended purpose of eradicating pay-based discrimination, it follows that the term 'job applicant' should be more broadly defined." *Id*. at 294–304. That the purpose of the statute was to combat pay-based discrimination generally was made in the parties' briefing on the Motion to Dismiss in this case and explicitly discussed in the Court's Order. Accordingly, *Branson* does nothing to affect the Court's decision, the Court did not need to address it, and it fails to demonstrate manifest error.

Finally, at the end of its Motion Potbelly moves the Court to stay its dismissal "pending resolution of motions to certify the relevant coverage question to the Washington Supreme Court in similar actions in this District." Dkt. #35 at 6. This requested relief is not properly brought in a Motion for Reconsideration. The Court finds no merit in the request as its decision was based on a reading of the underlying action brought against Potbelly and the Policy

ORDER DENYING MOTION FOR RECONSIDERATION - 3

language and was not based on an issue that required certifying a question to the Washington State Supreme Court, which was not requested in this case by either party. Furthermore, this request—after dismissal—demonstrates a lack of diligence on Potbelly's part.  If there was a question to certify, Potbelly should have moved for that relief prior to filing its response to the Motion to Dismiss *and* its Motion for Summary Judgment in August of last year.  Potbelly cites no legal authority for its unusual, untimely request and it will be denied.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Potbelly Corporation's Motion for Reconsideration, Dkt. #35, is DENIED.

DATED this 3rd day of April, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION - 4